## IN THE

# SUPREME COURT

## OF

# NEW JERSEY,

## SEPTEMBER TERM, 1794.

[227]          JAMES v. STONEBANKS.

1. The court will not, on affidavits, enter into the examination of facts settled by a jury.

2. The objection that a paper offered in testimony bears no date, goes rather to its effect than its competency.

3. Proof that a witness is subject to convulsive fits, is not evidence from which the court can infer that his mind was not sufficiently sure to qualify him to be a witness.

*Certiorari* to Justice Lloyd.

KINSEY, C. J. We have inspected the return of the *certiorari* in this case, and the reasons that have been filed for reversing the judgment.

The objections are—1st. That the verdict and judgment are contrary to evidence. 2d. Improper evidence was permitted to go to the jury after being objected to, viz., the testimony of an insane person, and a supposed account, on a slip of paper, without any date. 3d. The evidence, if legal, proved nothing. 4th. The only transaction proved ever to have taken place between the parties, was a settlement in 1779, when Stonebanks, the plaintiff below, had only about three shillings owing to him.

We have considered these reasons, together with the affidavits in support of them, and we are of opinion that it is improper for us, on affidavits, to enter into an examination or trial of facts settled by a jury. Upon this ground, the first, third, and fourth reasons are insufficient, and must be rejected.

With regard to the second, we think the affidavit proving that the witness had convulsion fits is not proof of the fact of insanity; nor can we infer the insanity from the facts stated.

The other objection we think equally inconclusive. A paper was offered in evidence, and it is not stated for what purpose, whether as testimony bearing generally upon the cause, or as the account to which the party applied his evidence. It was objected to by James, merely because it had no date, an objection which evidently goes rather to the effect of the testimony when admitted, than to its competency.

As, therefore, it appears that a number of witnesses were examined to substantiate the account, and that the jury did settle the facts, and have found a verdict, and nothing appears to make out the objection that improper evidence was admitted, the judgment must be affirmed with costs.

Judgment affirmed.

CITED in *Baldwin* v. *Simmons,* 4 *Hal.* 196.